## WYSZYNSKI PROVISION COMPANY, INC.

### v.

### SECRETARY OF AGRICULTURE, United States Department of Agriculture.

Civ. A. No. 81–816.

United States District Court,
E. D. Pennsylvania.

May 10, 1982.

Victor J. DiNubile, Jr., Philadelphia, Pa., for plaintiff.

Peter F. Vaira, Jr., U. S. Atty., Antoinette R. Stone, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

### MEMORANDUM and ORDER

SHAPIRO, District Judge.

### INTRODUCTION

Plaintiff Wyszynski Provision Company, Inc. (the "Company") appeals the final decision and order of the United States Department of Agriculture ("USDA") withdrawing meat inspection services from it but suspending that withdrawal on the condition that Walter J. Wyszynski ("Wyszynski"), the Company Vice-President, is not associated with the Company in any way and the Company does not violate any provision of the Federal Meat Inspection Act for a period of three years. This court has jurisdiction under 21 U.S.C. § 674 and 28 U.S.C. § 1331. Before us are cross-motions for summary judgment on undisputed facts. For the reasons discussed below, defend-

ant's motion will be granted and plaintiff's motion will be denied.

## FACTS

In a separate criminal action, the Company entered guilty pleas to eight counts of preparation, sale and transportation of adulterated meat, and Wyszynski entered guilty pleas to three counts of selling and transporting adulterated or misbranded meat products with intent to defraud.[1] The crimes are felonies; 21 U.S.C. § 610(a), (b)(1) and § 676. The Company was fined $8,000; Wyszynski was sentenced to three years' probation and fined $2,000.

This action seeks review of an administrative decision under the Federal Meat Inspection Act (the "Act"), 21 U.S.C. § 601 *et seq.*, which requires inspection of meat processing establishments in order to prevent commerce in unwholesome, adulterated, mislabeled or deceptively packaged products. Inspection service may be withdrawn as a sanction for violating the Act. The statute, 21 U.S.C. § 671, provides in relevant part:

The Secretary may (for such period, or indefinitely, as he deems necessary to effectuate the purposes of this Act ...) refuse to provide, or withdraw, inspection service ... with respect to any establishment if he determines, after opportunity for a hearing is accorded to the applicant for, or recipient of, such service, that such applicant or recipient is unfit to engage in any business requiring inspection ... because the applicant or recipient, or anyone responsibly connected with the appli-

cant or recipient, has been convicted, in any Federal or State court, of (1) any felony, or (2) more than one violation of any law, other than a felony, based upon the acquiring, handling, or distributing of unwholesome, mislabeled, or deceptively packaged food or upon fraud in connection with transactions in food.... (citations omitted)

The Administrative Law Judge ("ALJ") held the required hearing on complaint of the United States Department of Agriculture ("USDA") and found Wyszynski and the Company unfit within the meaning of the Act because of their felony convictions; FMIA Docket No. 41, Paper 13, ¶ 13. She granted the request of the USDA that inspection services be indefinitely withdrawn and denied to the Company provided that such withdrawal and denial would cease for so long as Wyszynski is not associated with the Company, its successors or assigns, directly or indirectly, as partner, officer, director, shareholder or employee and does not control it in any way, and the Company does not violate any provision of the Act within three years. However, the decision and order made clear that the ALJ, citing *In Re Norwich Beef Co.*, 38 Agric.Dec. 380 (1979), deemed she had no discretion upon establishing the felony convictions for violating the Act other than to find respondent unfit, notwithstanding the discretionary authority invested in the Secretary by the Act. However, in the event on appeal it were decided that discretion did lie with the ALJ, she found various mitigating factors[2] on account of which she stated she would

1. The meat was Italian and Polish sausage to which sodium sulfite, a prohibited substance, had been added; sulfites tend to make the meat appear fresher than it actually is which gives it a longer shelf life. There was no evidence, nor was any contention made, that the meat in question was putrid or unfit for human consumption.

2. The ALJ deemed mitigating the following circumstances: adequate punishment in the criminal proceedings; the guilty pleas involved one isolated event of addition of sulfites to make meat appear fresher; the meat was not contaminated or putrid; the adverse publicity caused loss of business to the Company and

humiliation to Wyszynski; none of the principals had been previously convicted of crime; this long established business had never been in difficulty with governmental authorities nor had licensing problems with the USDA; there are 25 employees, 12 of whom are non-family members, all employees of long standing; Wyszynski has resigned as officer, director and shareholder and is working in a non-executive menial capacity having no relation to meat preparation; the severance of Wyszynski from the Company is based only on the felony convictions and there is no evidence of record that this would further the purposes of the Act or serve as any further deterrent.

have otherwise recommended suspension of the indefinite withdrawal and denial of services so long as the Company and Wyszynski did not violate the Act individually or collectively.

The Company appealed the ALJ's decision to the Judicial Officer ("JO") of the USDA. He affirmed the ALJ and held that in view of the felony convictions, mitigating circumstances could not be considered in a determination of fitness. He concluded in the alternative that even if the mitigating circumstances were relevant, they would not change his final determination on the facts of this case;[3] FMIA Docket No. 41, Paper 19.

## DISCUSSION

This court has jurisdiction of plaintiff's appeal from the administrative decision under 21 U.S.C. § 674. Judicial review of an inspection service withdrawal order is to be made on the record upon which the determination and order was based; 21 U.S.C. § 671.

The standard of review is provided by the Administrative Procedure Act, 5 U.S.C. § 706:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
>
> .    .    .    .    .
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

> (D) without observance of procedure required by law;
>
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title . . . or otherwise reviewed on the record of an agency hearing provided by statute; or
>
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. . . . (Citations omitted).

The Company contends that the Secretary's action was arbitrary and capricious and unsupported by substantial evidence. The following errors of law are cited: (1) deeming a felony conviction to automatically compel a finding of unfitness within the meaning of the Act; (2) failing to consider mitigating circumstances; and (3) substituting findings of fact by the JO for those by the ALJ.

In determining whether agency action has been arbitrary or capricious, reviewing courts must

> . . . consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . . Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency. (Citations omitted).

*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); *Philadelphia Citizens in Action v. Schweiker*, 669 F.2d 877, 886 (3d Cir. 1982).

The requirement of substantial evidence means that there must be more than a "mere scintilla;" there must be such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established. *Universal Camera Corp. v. N.L.R.B.*, 340

---

**3.** The JO noted that: a single felony may be the basis for a finding of unfitness; there is no basis on the felony hearing record for contending that the violations were of an isolated nature; there is no basis for contending that the meat was not putrid as it was not tested in that respect; and Congress provided for civil as well as criminal sanctions in these matters.

U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *see, N. Jonas & Co. v. EPA*, 666 F.2d 829 (3d Cir. 1981).

■ Upon review of the whole record and separate consideration of each of these standards, *see, Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974), we find that the Secretary's decision was neither arbitrary or capricious nor unsupported by substantial evidence. In light of plaintiff and Wyszynski's convictions for adulterating meat and the explicit provisions of § 671 regarding felony convictions as a basis for withdrawing meat inspection services, it is difficult to hold otherwise.

Congress has declared that conviction of either: "1) any felony, or 2) more than one violation of any law ... based upon the acquiring, handling or distributing of unwholesome, mislabeled, or deceptively packaged food or upon fraud in connection with transactions in food" may provide the basis for a withdrawal of inspection services if the Secretary determines after opportunity for hearing that the recipient is unfit to engage in any business requiring inspection. 21 U.S.C. § 671. The JO found that plaintiff had been convicted of multiple felonies that "strike at the heart of the meat inspection program." These felonies were based upon distributing mislabeled food or fraud in connection with transactions in food. He found that Wyszynski added sodium sulfite to meat surreptitiously when inspectors were absent and considered that Wyszynski had been convicted of felonies with "intent to defraud." Plaintiff's actions of record provided adequate evidence to support a finding of unfitness under the standards set out in § 671.

Plaintiff argues that the action of the JO was arbitrary and capricious in failing to consider relevant mitigating circumstances, and illegal in determining that a finding of unfitness was mandated by plaintiff's convictions of felonies. But the JO made no automatic finding. He recognized that "not every felony conviction renders the recipient unfit to receive inspection service," but certain felony convictions in and of themselves justify a finding of unfitness as they did in this case. He relied on *In Re Utica Packing Co.*, 39 Agric.Dec. 590 (1980), an administrative decision ordering suspension of a meat packing company unless it disassociated with its President who had been convicted of bribing a federal inspection supervisor. The district court in *Utica*, affirming the decision of the Secretary, held that present compliance and good character were irrelevant, but that all plaintiff's evidence, even if relevant, was insufficient to render insubstantial the evidence on which the Secretary based his decision to suspend; *Utica Packing Co. v. Bergland*, 511 F.Supp. 655 (E.D.Mich.1981). We respectfully differ with the district court in *Utica* only to this extent: mitigating facts are not immaterial or irrelevant and may be considered. However, whether or not a conviction is in and of itself "substantial evidence" varies with the nature of the predicate felony or the repeated violations of law. The more closely the conduct strikes at the policies of the Act, the more likely it alone will support a determination of unfitness regardless of mitigating facts.

■ In this case the JO considered the mitigating facts listed by the ALJ[4] although he accorded little or no weight to them. He decided to accord little weight to these mitigating facts because the felonies here involved wilful adulteration. He considered that sodium sulfite added to the meat makes it look fresh when it is not and this creates a danger that a retailer may sell or a consumer may eat a product no longer wholesome. In his view such action, even on one occasion (affecting more than one sale) was of such a nature and scale to warrant the administrative action sought by the Secretary. Therefore, the court cannot find that the final determination of the

---

4. Thus, the plaintiff's third argument, that the JO substituted his findings of fact for those of the ALJ, is without basis; he determined that on these facts the felony convictions alone warranted a finding of unfitness, but if there were agency discretion, he would exercise that discretion differently than would the ALJ on the facts found by the ALJ.

agency was arbitrary or capricious. While we might reach a different decision on these facts were we to consider the matter *ab initio*, where there is no clear error, we cannot substitute our judgment for that of the agency given discretionary authority. *Overton Park, supra.* The determination of the USDA, charged as it is with enforcement of the Act and the protection of the public health, is entitled to considerable deference. *See, Philadelphia Citizens in Action v. Schweiker, supra* at 886.

Accordingly, we grant defendant's motion for summary judgment and deny that of plaintiff. An appropriate Order will issue.